# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| ROBRIA PETERS<br><br>  Plaintiff,<br><br>v.<br><br>HITACHI AUTOMOTIVE SYSTEMS AMERICAS, INC.<br><br>  Defendant. | Civil Action No.:<br>3:20-CV-00098-CAR<br><br>JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT FOR DAMAGES

COMES NOW Robria Peters ("Plaintiff" or "Ms. Peters"), by and through her undersigned counsel, and in accordance with Fed. R. Civ. P. 15(a)(1)(A), files this First Amended Complaint for Damages against Defendant Hitachi Automotive Systems Americas, Inc. ("Defendant" or "Hitachi"), showing the Court as follows:

## **JURISDICTION, VENUE, AND PARTIES**

1.

The unlawful employment practices alleged in this Complaint were committed within this district. Venue is appropriate in this Court.[1]

2.

Plaintiff is a female citizen of the United States of America and a resident of Georgia and is subject to the personal jurisdiction of this Court.

3.

Defendant Hitachi Automotive Systems Americas, Inc. is a Foreign Profit Corporation qualified to do business in Georgia, and at all times material hereto has conducted business within this District.

4.

At all times relevant to this Complaint, Plaintiff was employed by and was an "employee" of Hitachi.

---

[1] On September 14, 2020, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446(a) and (b), Defendant removed this case from the Superior Court of Walton County, Georgia. (Notice of Removal, Doc. 1, p. 1.)  Plaintiff reserves her right to contest whether the Court lacks subject matter jurisdiction.

5.

Hitachi may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, GA 30092.

## **FACTUAL ALLEGATIONS**

6.

Plaintiff began working for Defendant Hitachi as a warehouse worker on December 9, 2019.

7.

On or around January 6, 2020, Charles Perry, Plaintiff's lead, began to sexually harass her. Perry subjected Plaintiff to unwanted, inappropriate, repeated sexual advances, and other offensive and harassing acts.

8.

Perry subjected Plaintiff to unwanted and inappropriate sexual comments. For example, Perry asked Plaintiff if her breasts were real, and if she was having sex. In addition, Perry said to Plaintiff, "that thing must be tight down there," and "one day I'll get to blow your back out."

9.

Perry subjected Plaintiff to unwanted and inappropriate sexual advances, including the aforementioned comments and when speaking to Plaintiff would look at her breasts or her crotch. Perry would also follow Plaintiff to her car, which made her fearful and anxious.

10.

Plaintiff rejected all of Perry's sexual advances.

11.

On or around February 20, 2020, Plaintiff complained to Steve Jenkins, Bldg. 3, 2nd Shift Manager, and wrote a statement about Perry's sexual comments, advances, and physical harassment. Plaintiff was told to take 2 PTO days and 1 personal day.

12.

On or about March 2, 2020, Olecia Bowne told Plaintiff that there was no evidence to prove harassment, even though, a co-worker wrote a statement regarding the harassment.

13.

Plaintiff requested to be moved to a different shift or location but was forced to report back to Perry, the harasser.

14.

On or about March 5, 2020, Plaintiff called Bowen, her Human Resources Representative, and asked her to move her because she could not work with Perry in that environment.  Plaintiff's requests were refused each time.

15.

Plaintiff was told to stay out of work until Tuesday, March 10, 2020.

16.

On March 10, 2020, Plaintiff attempted to use her badge to come back to work but it did not allow her access into the building.

17.

On March 10, 2020, Plaintiff met with Melvin Farr, Bldg. 3, Warehouse Manager and Olecia Bowen from Human Resources and a third party (party's name unknown).  Plaintiff was told that "we've done what we can but due to inconclusive evidence there was nothing they could do."

18.

Plaintiff was given a document to sign and was told that if she did not sign the document she would be automatically terminated.  Plaintiff did not want to lose her job but did not want to sign this document.  Plaintiff pleaded to be moved to another shift or location, but was told that she either return to her regular shift and location or she would have to resign.

19.

Plaintiff would not resign.  Plaintiff was terminated for the pretextual reason of leaving work early.

20.

As a result of Perry's sexual harassment and Hitachi's failure to take action, Plaintiff has suffered damages, including mental and emotional suffering caused by Defendant's misconduct.

## **CLAIMS FOR RELIEF**

### **COUNT I – NEGLIGENT SUPERVISION AND RETENTION**

21.

Plaintiff re-alleges paragraphs 1-20 as if set forth fully herein.

22.

Hitachi knew of Perry's sexually offensive conduct upon Plaintiff.

23.

Plaintiff gave notice to Hitachi of the sexual harassment multiple times by notifying Human Resources.

24.

It was foreseeable that Perry would continue to engage in the sexual harassment of Plaintiff.

25.

Hitachi nonetheless failed and refused to act to protect Plaintiff from sexual harassment.

26.

Hitachi was willfully negligent in its supervising, and/or continuing the employment of Mr. Perry.

27.

By retaining Perry after the Defendant knew or should have known of his propensity to engage in sexual harassment of Plaintiff, Hitachi breached its duty to

Plaintiff to provide a working environment free from sexual harssment as required by Georgia law.

28.

As a result of Hitachi's negligence, which was in reckless disregard for Plaintiff's health and safety, Plaintiff suffered mental anguish, loss of income, humiliation, and other indignities.

29.

Hitachi was willfully negligent in its hiring, supervising, and/or continuing the employment of Mr. Perry. As a result of said negligence, which was gross and in reckless disregard for Plaintiff's health and safety, Plaintiff has suffered mental anguish, loss of income, humiliation, and other indignities.

**COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

30.

Plaintiff re-alleges paragraphs 1-20 as if set forth fully herein.

31.

Hitachi allowed Plaintiff to be subjected to sexual harassment and failed to take any corrective action.

32.

The Defendant intended to inflict severe emotional distress and knew that it was a high probability that sexual harassment inflicted upon Plaintiff would do so.

33.

Hitachi's conduct actually caused severe emotional distress to Plaintiff.

34.

Hitachi is liable for all general and special damages proximately resulting from the intentional infliction of emotional distress.

### **COUNT III NEGLIGENCE - ASSUMPTION OF DUTY**

35.

Plaintiff re-alleges paragraphs 1-20 numbers as if set forth fully herein.

36.

Defendant Hitachi has voluntarily assumed and undertaken the duty to provide a safe workplace, as codified at O.C.G.A § 34-2-10. Therefore, Defendant Hitachi has a legal duty to prevent and eliminate sexual harassment in the workplace in a non-negligent manner. The employer is in the best position to provide a safe workplace, and to address sexual harassment in its workplace.

37.

By implementing a sexual harassment policy and disciplining employees for violations of the policy, sexual harassment is preventable.

38.

Employees depend on a harassment-free working environment.

39.

Defendant Hitachi voluntarily assumed a duty to investigate and remedy complaints of sexual harassment.

40.

Defendant Hitachi delegates authority to supervisors over employees.

41.

Sexual harassment should not be a risk of employment.

42.

Sexual harassment is socially harmful behavior.

43.

Plaintiff suffered harm because of her reliance on Defendant Hitachi to prevent sexual harassment.

44.

Plaintiff relied to her detriment in the fact that Defendant Hitachi undertook the duty to prevent sexual harassment.

45.

Defendant Hitachi failure to exercise reasonable care increased the risk of harm to Plaintiff and other employees.

46.

Defendant Hitachi failure to exercise reasonable care caused the Plaintiff to suffer harm from the sexual harassment.

## **COUNT IV RATIFICATION**

47.

Plaintiff re-alleges paragraphs 1-20 numbers as if set forth fully herein.

48.

Defendant Hitachi ratified its employee's tortious conduct, and therefore assumed liability for unauthorized conduct.  Despite Plaintiff's complaints and Defendant Hitachi's knowledge of the harassment, Defendant Hitachi did nothing to prevent its employee harassing Plaintiff.

49.

Olecia Bowen, Defendant Hitachi's Human Resources employee, had actual knowledge of Plaintiff's reports of sexual harassment by Perry, thus Defendant Hitachi is strictly liable for its conduct and tangible actions.

### COUNT V – PUNITIVE DAMAGES PURSUANT TO O.C.G.A. § 51-12-5

50.

Plaintiff re-alleges paragraphs 1-20 as if fully set forth herein.

51.

The aggravating circumstances in Perry's commission of the conduct against Plaintiff and intentions in committing the same entitle Plaintiff to an award of punitive damages to deter Hitachi from repeating the trespass and as compensation for the wounded feelings of Plaintiff.

### COUNT VI – ATTORNEYS' FEES AND EXPENSES OF LITIGATION PURSUANT TO O.C.G.A. § 13-6-11

52.

Plaintiff re-alleges paragraphs 1-20 as if set forth fully herein.

53.

Defendant has acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense in litigating this case, and Plaintiff is thus

entitled to recovery of the expenses of this litigation, including attorneys' fees, under Georgia law, including but not limited to O.C.G.A. § 13-6-11.

54.

Plaintiff has put Defendant on notice that she seeks attorneys' fees, litigation costs, and expenses from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages, punitive damages, special damages, and attorneys' fees, costs, and expenses in a total amount of no greater than $74,999;

(b) Trial by jury as to all issues; and

(c) All other relief to which she may be entitled.

Respectfully submitted this 28th day of September, 2020.

**BARRETT & FARAHANY**

s/ *Ian E. Smith*
Ian E. Smith
Georgia Bar No. 661492

*Attorney for Plaintiff Robria Peters*

1100 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309
(404) 214-0120
(404) 214-0125 (*facsimile*)
iesmith@justiceatwork.com

14

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| ROBRIA PETERS<br><br>    Plaintiff,<br><br>v.<br><br>HITACHI AUTOMOTIVE SYSTEMS AMERICAS, INC.<br><br>    Defendant. | Civil Action No.:<br>3:20-CV-00098-CAR<br><br>JURY TRIAL DEMANDED |

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the *First Amended Complaint for Damages* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

This 28th day of September 2020.

/s/ Ian E. Smith
Ian E. Smith
Georgia Bar No. 661492

15